376

Leo O'Rorke
vs.
Gorham Manufacturing
Company

No. 44814

RESCRIPT
June 24, 1919

TANNER, P. J. This is an action on the case for negligence brought by an employee against an employer as a common law action to recover damages. It is heard upon the demurrer of the defendant to the effect that the declaration should negative any facts upon which the plaintiff relies to take the case outside of the Compensation Act.

It appears that the Court has made some offhand rulings on the subject which are more or less contradictory. We therefore consider the case upon the defendant's brief and the argument of the plaintiff.

The defendant argues generally that the Compensation Act states that the common law right of action shall not accrue unless a plaintiff does not come within the act; that the common law action has therefore become an exception to the Compensation Act and should require a statement of circumstances which enable the common law action to accrue.

Sec. 7 of Article 1 of the act provides the right to compensation for an injury and the remedy therefore granted by

this act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and such rights and remedies shall not accrue to employees entitled to compensation under this act while it is in effect.

A first reading of this language affords justification for the defendant's argument, but a reading of the other sections of the act, which provide that both the employer and employee must elect to come under the act, militates against the view that the act first destroys all common law remedies and then permits the remedies to those who do not elect to come under the act or who are not in certain cases included within its provision. We think the logical view is that the common law rights and remedies merely continue as to those

377

who do not come under the act or do not elect to be governed by the act. This being the case, we think it is proper pleading to state an action at common law and leave the employer to plead that he has accepted the act and the employee has not elected to reject it. This does not impose so much inconvenience upon the employer as is supposed. A person employed in domestic service or working for one employing five persons or less, would in no event come within the act. The only circumstance that destroys the application of the common law is the election of the employer to come within the act reject it.

This is the only thing that the employer would be called upon to plead in defence.

The above stated reasons apply to a case where, as in the case at bar, the plaintiff has stated an action which is good at common law. If the plaintiff should state a declaration defective at common law because of the common law defences which are abolished by the Compensation Act, then it would be necessary for the plaintiff in order to make the declaration good to state that the employer has not accepted the act.

The demurrer is therefore overruled.

For plaintiff: Fitzgerald & Higgins.

For defendant: Ralph T. Barnefield.